BURKEY, APPELLEE, *v.*
BURKEY, APPELLANT.

(No. 12478 — Decided May 7, 1986.)

*Robert B. Laybourne,* for appellee.
*Sandra J. Pickut,* for appellant.

GEORGE, J. The marriage between the parties was dissolved on April 29, 1982. The separation agreement was made a part of the order of dissolution. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413. It included a provision whereby the defendant-appellant, Michael Burkey, was to pay real estate taxes. It provided in paragraph 7 as follows:

"'* * * Husband agrees to pay the real estate taxes on the real estate through May 1, 1983.''

The plaintiff-appellee, Marian Burkey, paid a tax bill for this period which included $287.66 in property taxes and $891.77 in special assessments. Marian sought reimbursement from Michael for these amounts. The referee recommended, and the trial court granted, that Marian receive reimbursement for the entire amount paid.

Michael appeals claiming that the trial court erred when it granted a judgment which included not only the property taxes, but special assessments as well. He argues that the separation agreement obligated him to pay taxes exclusive of any special assessments.

The trial court specifically found that "real estate taxes," as that phrase was used in the separation agreement, meant "assessments" also. Exhibit D, which is the treasurer's tax duplicate, was made a part of the record. It is titled "County of Summit, Final Tax Duplicate 1982" and includes entries for tax reductions, taxes, special assessments and delinquencies. It is a real estate tax bill.

The trial court's finding that the phrase "real estate taxes" as used in the agreement includes "assessments" is consistent not only with Section 2, Article XII, Ohio Constitution, but also with R.C. 323.01(C), both before and after its amendment.

Finally, it should not be a surprise to Michael that when he agreed to pay real estate taxes that he would be responsible for any item billed on the tax duplicate. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.